UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES GRIFFIN JR., for himself and as class representative,
VALERIE THAMES, for herself and as a class representative,
ROMON RIMMER, for himself and as class representative,
SHIRLEY GILMORE, for herself and as a class representative,
DIMITRIS JOYNER, for himself and as class representative,
ANTOINE TRIPLETT, for himself and as class representative,
ROBERT HOLLAND, for himself and as class representative,
VARRIETHA FAYNE, for herself and as a class representative,
TEMUJIN KIBO-GUE, for himself and as a class representative,
PLAINTIFF(S) JOHN DOE (Numbers a through z) and
PLAINTIFF(S) JANE DOE (Numbers a through z), for themselves
and as Class representatives,

                    Plaintiffs,

                    Case No. 05-C-0510

    v.                  **CLASS ACTION**

CITY OF MILWAUKEE, WISCONSIN,
CHIEF OF POLICE AS THE CHIEF POLICY MAKER,
MILWAUKEE POLICE DEPARTMENT,
MILWAUKEE POLICE UNION,
MILWAUKEE POLICE ASSOCIATION,
POLICE OFFICER CHRIS MANNEY,
POLICE OFFICER JESSICA FELICIAN,
SGT. HEATHER WURTH,
POLICE OFFICER RAENA MELK,
POLICE OFFICERS JOHN DOES 1 THROUGH INDEFINITE
NUMBERS (in their official as well as individual capacities),
POLICE OFFICERS JANE DOES 1 THROUGH INDEFINITE
NUMBERS (in their official as well as individual capacities); and
THIRD PARTIES not known at this point but upon
discovery who have contributed directly and/or
indirectly to the defendants named supra,

                    Defendants.

DECISION AND ORDER DENYING PLAINTIFFS' AMENDED PETITION
FOR AN EXPEDITED EMERGENCY TEMPORARY PRELIMINARY INJUNCTION

        This case comes before the court on an amended complaint for monetary, declaratory, and injunctive relief pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, as well as

the First, Fourth, Ninth and Fourteenth Amendments of the United States Constitution. Additionally, plaintiffs have filed an Amended Petition for an Expedited Emergency Temporary Preliminary Injunction.

The original complaint was filed on May 9, 2005, along with a request for injunctive relief. Following a hearing later that day, the court denied the request for an Expedited Emergency Temporary Restraining Order/Preliminary Injunction Protective Order Ex Parte. Moreover, the court struck the complaint, and ordered the case dismissed effective May 23, 20005, unless prior thereto the plaintiffs signed and filed an amended complaint. During the May 9, 2005, hearing, the court reviewed the complaint and the requirements for a temporary restraining order and found that the plaintiffs had failed to comply with Federal Rule of Civil Procedure 65(b). In addition, the court observed that the plaintiffs had failed to identify a particular City of Milwaukee policy which should be enjoined or the circumstances in which particular defendants should be barred from exercising their authority to enforce state laws or ordinances of the City of Milwaukee.

Although the amended complaint appears to be signed by at least three of the original plaintiffs and new plaintiffs are identified, the request for an emergency temporary preliminary injunction still fails to comply with Federal Rule of Civil Procedure 65(b) for the reasons the temporary restraining order was denied on May 9, 2005. In addition, the amended complaint and petition have been signed by Doris Jude Porter on behalf of the Justice for Jude Justice for All Committee, which does not appear to have any standing inasmuch as it is not a named plaintiff or a real party in interest. Fed. R. Civ. P. 17.

Now, therefore,

IT IS ORDERED that plaintiffs' Amended Petition for an Expedited Emergency

Temporary Preliminary Injunction is denied.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2005.

BY THE COURT


<u>s/ C. N. Clevert, Jr.</u>
C. N. CLEVERT, JR.
U. S. District Judge